## A. MEYER *v.* THE STATE.

1. APPEALS — WHERE RETURNABLE. — In the regular course of procedure an appeal in a criminal case is returnable to the branch of the Court of Appeals to which pertains the county from which the case is appealed; but, under the 6th section of the act of April 2, 1874, which is made applicable to this court by the act of May 6, 1876, the defendant is empowered to have the transcript sent for adjudication to any term of this court held before the term to which the case would otherwise be returnable. Prosecuting officers have no authority to divert the transcript from its ordinary course.

2. Same. — When sent to a branch of this court other than that to which it is regularly returnable, the transcript should show that it is so returned at the instance of the defendant; and, in the absence of such a showing, if there is no appearance for the appellant, the case will be struck from the docket, but without prejudice to his right of further prosecuting his appeal in conformity with law.

Appeal from the District Court of Comal.    Tried below before the Hon. G. H. Noonan.

This was a conviction for theft, with assessment of one year in the penitentiary.

No appearance for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.    The act of April 2, 1874 (Gen. Laws Fourteenth Legislature, ch. 42, p. 49), provides for the branching of the Supreme Court, and for the holding of terms thereof at Tyler in Smith County, at Galveston in Galveston County, and at Austin in Travis County, and prescribes the counties from which appeals and writs of error shall be returnable to the several branches thereof.    By section 5 it is provided that the Supreme Court may transfer causes from one branch of the court to any other branch thereof, " upon the consent, in writing, of the parties or their counsel, filed with the clerk and attached to the transcripts of the record ; and the parties to a cause, or their counsel, may, on filing a written agreement for that purpose with the clerk of the District Court, direct the transcript of the record in any appeal or writ of error to the Supreme Court, with a certified copy of such agreement, to be returned for hearing and judgment to either of the places where the terms of said court are held."

These provisions of section 5 evidently relate to civil causes.

The provisions of section 6 relate to criminal cases, and by it it is provided as follows :

" Sec. 6. In appeals to the Supreme Court, in criminal cases, the defendant may cause the transcript of the record to be filed for hearing and judgment at any term of the Supreme Court held before the term to which such case would otherwise be returnable by law ; and, if such appeal be not decided during the term at which it is filed, the court shall transfer it to the next term of the court thereafter to be held."

The 4th section directs that appeals and writs of error from the county of Comal shall be returnable to the term of the Supreme Court to be held at Austin.

Section 6 of article 5 of the Constitution requires that " the Court of Appeals shall sit for the transaction of business from the first Monday in October until the last Saturday in June of every year, at the capital and at not more than two other places in the state, at which the Supreme Court shall hold its sessions." And by the act of May 6, 1876, entitled " An act organizing the Court of Appeals " (Gen. Laws Fifteenth Legislature, 3, sec. 4), it is provided that " the laws regulating practice and proceedings in the Supreme Court, and regulating appeals and writs of error thereto, shall apply to the Court of Appeals," with certain exceptions relating to mandates, mentioned in the section in question.

Under these several constitutional and statutory provisions, all criminal appeals would regularly be returnable to the branch of the Court of Appeals to which the county from which the particular case may be appealed belongs, as provided in section 4 of the act of April 2, 1874, above referred to, unless, as provided in section 6, the defendant cause the transcript of the record to be filed for hearing and judgment at a term of the court which may be held before the term to which such case would otherwise be returnable by law.

It will be seen that this privilege of returning an appeal in a criminal case to a branch of the court other than that to which it regularly belongs is not given to the state, but to the defendant only. And by analogy to the provisions of section 5 of the act, relating to civil causes, the transcript of the record should show the fact that the defendant had caused the appeal to be so returned.

It is believed that great hardship, and perhaps injustice, might result to appellants in this class of cases if the practice were to obtain of permitting the prosecuting officers of the lower courts to send up appeals, and have cases tried and finally determined, without anything in the transcript to show that the party accused had caused his appeal to be returned to any other branch of the court than that to which it regularly belongs under the law. In the absence of anything in the transcript to show that the appeal was so returned by the procurement of the appellant, and especially when, as in the present case, the appellant is not represented by counsel or brief, we would not feel warranted in adjudicating his rights and deciding upon his liberties in any other manner, or at any other time or place, than as is prescribed by law.

The case must be dismissed from the docket of this court at this term, for the reasons above set forth, without prejudice to the right of the appellant to return his appeal to the Austin branch of this court, or, if he so desires, to have it returnable elsewhere, under the law as above set out, on a proper showing that such action is had at the instance of the appellant.

*Ordered accordingly.*